UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA,            )
                                     )
      Plaintiff,                     )
                                     )
  v.                                 )            Cause No. 1:18-CR-00242
                                     )
DAMETROUS BROOKS,                    )                                - 01
                                     )
      Defendant.                     )

**REPORT AND RECOMMENDATION**

On May 20, 2026, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on July 10, 2025.  Defendant Brooks appeared in person with his retained counsel James Edgar.  The government appeared by Lindsay Karwoski, Assistant United States Attorney.  U.S. Parole and Probation appeared by Officer Angela Smith.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.      The Court advised Defendant Brooks of his rights and ensured he had a copy of the petition.  Defendant Brooks orally waived his right to a preliminary hearing.

2.      After being placed under oath, Defendant Brooks admitted Violation No. 3.  [Dkt. 62.]  Government orally moved to dismiss the remaining violations, which motion was granted by the Court; Violations Nos. 1, 2, and 4 were dismissed.

3.      The allegations to which Defendant admitted, as fully set forth in the Petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 3 | **"You must not commit another federal, state, or local crime."** |
|  | On July 10, 2025, the offender was arrested by Indianapolis Metropolitan Police Department for charges of Resisting Law Enforcement (misdemeanor). |

4.  Defendant admitted that he plead guilty to one count of misdemeanor Resisting Law Enforcement in Marion County, Indiana Case No. 49D23-2507-CM-021063.

5.  The Court finds that:

   (a)  The highest grade of violation is a Grade C violation.

   (b)  Defendant's criminal history category is IV.

   (c)  The advisory range of imprisonment applicable upon revocation of supervised release, therefore, is 6 to 12 months' imprisonment.

6.  The parties jointly recommended a sentence of 8 months incarceration with 12 months supervised release to follow.

The Magistrate Judge, having considered the relevant factors in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3583(e), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in Violation No. 3 of the Petition, and recommends that Defendant's supervised release be revoked, and that Defendant be sentenced to the custody of the Attorney General or his designee for a period of 8 months incarceration, with 12 months of supervised release to follow.

In addition to the mandatory conditions of supervision, the following conditions of supervised release should be imposed upon the re-imposition of supervised release:

1.  You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2.  You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3.  You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4.  You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5.  You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6.  You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7.  You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8.  You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9.  You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full-time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12.  As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

Justification: Conditions 1-13 are considered administrative in nature and will enable the probation officer to effectively supervise the offender within the community.

14. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

15. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

16. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

17. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

Justification: Conditions 14-17 are recommended given the offender's history of substance abuse.

18. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

Justification: This condition is recommended based on the nature and circumstances of the instance offense.

Defendant Brooks reviewed the above noted conditions with his counsel. Defendant, on the record, waived reading of the above noted conditions of supervised release.

The Defendant was taken into custody pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated:  22 MAY 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system